## No. 864

### STATE ex STEPHENSON v. SMITH

Ohio Appeals, 4th Dist., Adams Co.

Decided Nov. 16, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

516. FEES AND COSTS.—855. Office and Officers.—Where probate court has been combined with common pleas, common pleas judge becomes probate judge and is entitled to fees as provided in 5348-10a GC.

In Mandamus

Writ awarded.

Will P. Stephenson, West Union, for State ex.

W. P. Tucker, Pros. Atty., West Union, for Smith.

FULL TEXT.

BY THE COURT.

Section 5348-10a GC. provides that for their services under the chapter of the code relating to inheritance taxes probate judges shall be allowed certain fees

"to be retained by them personally as compensation for the performance by them of the additional duties imposed on them by this chapter."

In Adams County the probate court has been combined with the common pleas. The relator is the common pleas judge of that county and now seeks by writ of mandamus to compel the county auditor to allow him fees under the statute referred to. His petition has been demurred to.

The only question is whether the relator is a probate judge within the contemplation of the section. In the chapter of which the section is part frequent use is made of the words probate judge and unless in these instances there is meant to include the common pleas judges with probate powers there would be no sufficient machinery for the collection of inheritance taxes in those counties where the two courts are combined. In the particular section there is required to be taxed in the costs in inheritance tax proceedings the fee fixed for probate judges and no other disposition is fixed for the fee but that it shall be retained by that officer. If the common pleas judge is not a probate judge within the intendment of the statute there would be either no costs assessed in such proceeding in counties where the courts are combined, or if assessed there would be no way to dispose of the fee when collected. We conclude that the words probate judge in one part of the chapter refer to the same officer as in other parts of the chapter and that wherever used they apply to the common pleas functioning as a probate judge.

No constitutional question has been argued or suggested. Queere: Does the allowance of a greater fee where tax is assessed than where one is not assessed violate the constitutional principle developed in the Tumey case?

(Middleton and Mauck, JJ., concur. Sayre, PJ., not sitting.)

---

## No. 865

### RECZKA v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8340-41. Decided Oct. 31, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

615. HUSBAND AND WIFE.—333. Criminal Law.—1273. Witnesses.—1. Husband or wife cannot be compelled to testify against the other in criminal proceedings.

2. Defendant cannot be compelled to testify against himself or herself.

Error to Municipal Court.

Judgment reversed.

A. L. Steuer, Cleveland, for Reczka.

B. Griffin, Cleveland, for State.

FULL TEXT

PER CURIAM:

These cases will be considered together.

It seems that Stanley Reczka was arrested on the charge of unlawfully having in his possesion intoxicating liquor. The record discloses that officers entered the premises occupied by Stanley Reczka and his wife; that they entered their grocery store and then went into the basement where they found intoxicating liquor. The husband was upstairs in the grocery store while the wife was down below. The officer testified that the wife attempted to dump liquid which proved to be intoxicating liquor. On a hearing of this case the wife of Stanley Reczka became prominent in connection with the possession of the intoxicating liquor, and she was therefore ordered arrested by the court.

As against objection, she was ordered to testify as a witness both in her own case and the case against her husband. It is unnecessary to go further. A husband or wife cannot be compelled to testify against each other in a criminal proceeding. It is equally well settled that the defendant cannot be compelled to testify against himself or herself. Without passing upon the guilt or innocence of the parties, on a perusal of the record, we are led to the conclusion that the ends of justice would be best served by a reversal of these cases and remanding them to the Municipal Court for a new trial according to legal procedure. It is so ordered.

(Sullivan, PJ., Vickery and Levine, JJ., concur.)